UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-10183-MLW |
| ) | |
| v. ) | VIOLATIONS OF |
| ) | 18 U.S.C. § 1341 |
| JAMES W. SULLIVAN ) | (Mail Fraud - 3 Counts) |
| Defendant ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION REQUESTING PERMISSION TO TRAVEL OUTSIDE OF THE UNITED STATES

Now comes the United States of America, by and through the undersigned counsel, and respectfully urges this Court to deny Defendant Sullivan's motion for permission to travel outside the United States to assist the United Nations Volunteers in Sri Lanka. First, the defendant's status as a convicted felon awaiting sentence, would prevent the volunteer organization from accepting his application. Second, defendant faces incarceration at sentencing and allowing him to use his passport to travel outside this country would pose a serious risk of flight. Pre-Trial Services also opposes this motion due to the risk of flight, and because there is no way that they can keep track of defendant's whereabouts. Third, defendant's claim that he wants to go to provide "medical assistance" is questionable, as he is simply an inexperienced EMT who possesses no special skill that is crucial to the recovery efforts now underway in Sri Lanka.

In support of its position, the government states the following:

1. On October 7, 2004, the defendant pled guilty to three counts of mail fraud for perpetrating a complicated scheme while he was a senior executive, in which he defrauded his former employer of close to $700,000. He was originally scheduled to be sentenced on January 11, 2005, but the hearing was postponed at defendant's request, while the Supreme Court decided United

1

States v. Booker, 2005 WL 50108 (Jan. 12, 2005). On January 19, 2005, while awaiting a new sentencing date to be set, defendant filed the instant motion requesting permission to travel outside the United States and provided copies of email correspondence with the United Nations Volunteers. See Def. Exhibits 2, 3. On January 21, 2005, undersigned counsel wrote to an email address contained in Defendant's Exhibit 3, inquiring from the UN Volunteer organization as to whether or not they would accept an individual for volunteer services, if that person had been convicted of a federal offense and was awaiting sentencing.[1] The organization, through Vasula Premawardhana, Trustee, responded on January 22, 2005 and stated in general, that they would not accept such a candidate.[2] In the response, there was a question by the organization as to the reason for the government's inquiry, and the possibility that perhaps it was based on an interest by the Department of Justice ("DOJ") for a potential program with the organization. Undersigned counsel then engaged in a dialogue where it made clear that it's inquiry was not related to an interest on behalf of DOJ, but rather, was in connection with a specific case and undersigned counsel wanted to know if the organization would accept an individual in the defendant's position. On January 27, 2005, the response was clear that they "would not be able to accept a felon awaiting sentencing."[3]

In light of the above, it is very doubtful that the defendant disclosed to the UN Volunteers the fact that he was awaiting sentence because they would not accept such an applicant. Although the defendant claims that he was specifically contacted by the United Nations Volunteers to assist

---

[1] See copy of government's first email regarding inquiry attached hereto at Tab 1.

[2] See copy of Vasula Premawardhana's response attached hereto at Tab 2.

[3] See copy of email from vasula@volunteerinternational.com attached hereto at Tab 3, which contains several communications back and forth between undersigned counsel and Vasula Premawardhana.

2

in the organization's relief efforts, a close reading of <u>Def. Exhibit</u> 2 indicates that a general email went out seeking medical and healthcare volunteers, and the defendant responded by filling out an application. The defendant was not individually signaled out. Given that the defendant's status as a convicted felon awaiting sentence would prevent him from volunteering with the UN Volunteers, for this reason alone, his motion should be denied.

2. Even though the sentencing guidelines are no longer mandatory under <u>United States v. Booker</u>, supra., they are advisory and are to be considered by the Court. 2005 WL 50108 at 16. In this case, the defendant faces a significant period of incarceration because of the serious nature and circumstances of the offense in this case.[4] Given the potential prison sentence, allowing the defendant to have the use of his passport to travel outside the United States, would pose a serious risk of flight.

Furthermore, undersigned counsel spoke to David Picozzi of Pre-Trial Services, and he indicated there is no way that Pre-Trial Services would be able to track defendant's whereabouts and activities, while outside the United States. The ability of the defendant to travel anywhere with passport in hand would make it easy for him to disappear. He could claim to be volunteering in Sri Lanka, but there is no way to make sure he stays there and returns to the Unites States to face sentence in this case.

Although the defendant has some ties to the community, he has no children and is currently unemployed. The potential for him not to face sentencing and avoid jail is very present. He should

---

[4] The sentencing guidelines calculations as originally contemplated by the government in the plea agreement and in the initial draft of the PreSentence Report prepared by the U.S. Probation Department, place the defendant at a total offense level of 17, where the range is 24 to 30 months. Although not mandatory, the defendant certainly faces the *potential* for being incarcerated for a significant period.

not be allowed to have the use of his passport, which would enable him to travel anywhere outside this country. It is important that the defendant first resolve this case by being sentenced before he commits his service to any relief effort.

3. The defendant relies on his expertise as an EMT and claims that he has unique training and experience in emergency medicine. Despite the many years of volunteering that the defendant asserts he has done, the fact is that he received his certification as an EMT only a month ago. The defendant is not a doctor, nurse, nor individual with any specialized skill that could be qualified as being necessary or crucial to the relief efforts overseas. Furthermore, the Tsunami disaster is one of massive proportions. It is doubtful that the defendant (in his individual capacity) will provide assistance that will have a significant impact on the relief efforts in Sri Lanka that would justify giving him permission to leave this country. Finally, it is anticipated that relief efforts may be ongoing in Sri Lanka for years to come. If the defendant is committed to providing his help, he will have an opportunity to volunteer his services after he completes what ever sentence the Court imposes. In fact, it is very likely that more volunteers will be needed in years to come, as the volunteers there now return to their homes.

For all of the reasons stated above, the government urges this Honorable Court to deny the defendant's motion for permission to travel outside the United States and to set a date for sentencing.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *Carmen M. Ortiz*
Carmen M. Ortiz
Assistant U.S. Attorney

Date: January 28, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

>Stephen R. Delinsky, Esq.
>Eckert Seamans C&M, LLC
>1 International Place
>Boston, MA 02110

This 28th day of January 2005.

_____
CARMEN M. ORTIZ
ASSISTANT UNITED STATES ATTORNEY

## Ortiz, Carmen

**From:** Ortiz, Carmen
**Sent:** Friday, January 21, 2005 4:45 PM
**To:** 'information@volunteerinternational.com'
**Subject:** Impact of federal conviction on potential volunteer

Dear Sir/Madam:

   I am trying to find out if you have any limitations on potential volunteers that would prevent your organization from accepting their service? In particular, do you accept individuals to volunteer in your program (i.e. to work in Sri Lanka) that have been convicted of a federal offense and are waiting to be sentenced by a Federal Court.
   I would appreciate a prompt response to my question.

Thank you,
Carmen Ortiz

1

# Ortiz, Carmen

| | |
|---|---|
| **From:** | vasula@volunteerinternational.com |
| **Sent:** | Saturday, January 22, 2005 12:21 PM |
| **To:** | Ortiz, Carmen |
| **Cc:** | information@volunteerinternational.com |
| **Subject:** | Re: Impact of federal conviction on potential volunteer |

Dear Madam,

Unfortunately, the answer would have to be no, as to the complicated nature of the legal status of the applicants and given the available data. All our applicants must disclose any convictions and offenses, especially if any convictions offenses in relation child abuse as well any medication administered for mental or physical ailment.  We reserve the right to admission upon further  investigation.

However, to be fair, and as I did  note your email to be of the US Department of Justice, I would be pleased  if you might might be good enough, to explain further then nature of your inquiry and if it based on any interest of the DoJ of United States of America to begin a programme of some nature involving such individuals with us.

Thank you

Vasula Premawardhana
Trustee

Volunteer International Projects Trust
Tel/Fax   (94) 11 4720 657    (94)   11 4720 658 Mobile    +94 777 514747
Email    vasula@volunteerinternational.com
Web Site: www.volunteerinternational.com


At 1/22/2005, you wrote:
>Dear Sir/Madam:
>
>       I am trying to find out if you have any limitations on potential
> volunteers that would prevent your organization from accepting their
> service?  In particular, do you accept individuals to volunteer in your
> program (i.e. to work in Sri Lanka) that have been convicted of a federal
> offense and are waiting to be sentenced by a Federal Court.
>       I would appreciate a prompt response to my question.
>
>Thank you,
>Carmen Ortiz

1

## Ortiz, Carmen

| | |
|---|---|
| **From:** | vasula@volunteerinternational.com |
| **Sent:** | Thursday, January 27, 2005 2:38 PM |
| **To:** | Ortiz, Carmen |
| **Subject:** | RE: curioser and curioser |

Dear Carmen,

I did answer, please refer to first email. but let me repeat. We would not be able to accept a felon awaiting sentencing.

Thank you,


At 1/26/2005, you wrote:
>There is no more information that I am able to share with you at this
>point.  Are you able to answer my question below?  Would you accept an
>individual for volunteer services, specifically in Sri Lanka, who has pled
>guilty to federal charges of fraud, but has not been sentenced by the
>court yet?
>
>A response to this inquiry would be very much appreciated.
>
>Thank you,
>Carmen Ortiz
>Assistant U.S. Attorney
>
>-----Original Message-----
>From: vasula@volunteerinternational.com
>[mailto:vasula@volunteerinternational.com]
>Sent: Tuesday, January 25, 2005 3:54 PM
>To: Ortiz, Carmen
>Subject: curioser and curioser
>
>
>pray tell me more........
>
>vasula
>volunteer international
>
>At 1/24/2005, you wrote:
> >Dear Sir,
> >   My inquiry does not relate to any specific interest on behalf of the
> > Department of Justice.  It concerns a case I am handling where an
> > individual pled guilty to fraud charges (embezzling close to $700,000
> > from his former employer) and is now seeking permission to travel outside
> > the United States to participate in your program.  This person has not
> > been sentenced yet.  I take it your answer would be no to this
> > situation?  Your assistance is very much appreciated.
> >
> >Thank you,
> >Carmen Ortiz
> >Assistant U.S. Attorney
> >
> >-----Original Message-----
> >From: vasula@volunteerinternational.com
> >[mailto:vasula@volunteerinternational.com]
> >Sent: Saturday, January 22, 2005 12:21 PM
> >To: Ortiz, Carmen
> >Cc: information@volunteerinternational.com
> >Subject: Re: Impact of federal conviction on potential volunteer
> >

1

```
> >
> >Dear Madam,
> >
> >Unfortunately, the answer would have to be no, as to the complicated nature
> >of the legal status of the applicants and given the available data. All our
> >applicants must disclose any convictions and offenses, especially if any
> >convictions offenses in relation child abuse as well any medication
> >administered for mental or physical ailment.  We reserve the right to
> >admission upon further  investigation.
> >
> >However, to be fair, and as I did  note your email to be of the US
> >Department of Justice, I would be pleased  if you might might be good
> >enough, to explain further then nature of your inquiry and if it based on
> >any interest of the DoJ of United States of America to begin a programme of
> >some nature involving such individuals with us.
> >
> >Thank you
> >
> >Vasula Premawardhana
> >Trustee
> >
> >Volunteer International Projects Trust
> >Tel/Fax  (94) 11 4720 657   (94)  11 4720 658 Mobile   +94 777 514747
> >Email   vasula@volunteerinternational.com
> >Web Site: www.volunteerinternational.com
> >
> >
> >At 1/22/2005, you wrote:
> > >Dear Sir/Madam:
> > >
> > >     I am trying to find out if you have any limitations on potential
> > > volunteers that would prevent your organization from accepting their
> > > service?  In particular, do you accept individuals to volunteer in your
> > > program (i.e. to work in Sri Lanka) that have been convicted of a federal
> > > offense and are waiting to be sentenced by a Federal Court.
> > >     I would appreciate a prompt response to my question.
> > >
> > >Thank you,
> > >Carmen Ortiz
```

2