



FILED
CLERKS OFFICE

2005 MAR -2  P 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 2, 2005

Stephen R. Delinsky, Esq.
Eckert Seamans C&M, LLC
1 International Place
Boston, MA 02110

    Re: <u>United States v. James W. Sullivan</u>
        Criminal No. 04-10183-MLW

Dear Attorney Delinsky:

    I am responding to certain requests that you have made for additional discovery for sentencing, to the extent that I was able to obtain the information. Let me first state, that it is the government's position that the information that you are seeking is not exculpatory evidence. At the time of the offense conduct, Mr. Sullivan was a salaried employee, who occupied a management position, and who was well compensated for his work. Your request for any work product that may exist for alleged services provided by your client while he was perpetrating a fraud upon his employer, and qualifying such evidence as "exculpatory" because it would reduce the amount of loss is not merited under the circumstances. It is the government's position (as well as the company's) that any work performed by Mr. Sullivan during the period of the offense conduct, was covered by the scope of his employment, or was completely outside the scope of his employment and not authorized by the company.

    That being said, I did attempt to obtain the information you requested as long as it was possible and not overly burdensome on the company.[1] I specifically requested for a search to be done of personnel files that related to any of the names contained in the phony invoices fabricated by your client during his fraud. M/A-COM was not able to find any information that indicated any work done by a "Dr. Carlos Reyes," or Economatrix, or of a nature constituting a case analysis of

---

[1] I did obtain a set of typed notes by Kevin Kelleher that contain a summary of his and Jeff Howe's telephone conversation with Mr. Sullivan on December 12, 2001, and I enclose a copy herein at Tab A.

the claim brought by the employee.[2] The company did identify at least 10 full lateral file cabinet drawers that contain documents maintained by the Human Resources Department during the period when Mr. Sullivan was the Director of Human Resources Support, but it would be extremely costly and burdensome for them to go through all of these files to attempt to identify "work product" that your client claims he produced while defrauding his employer.[3] Furthermore, Mr. Sullivan cannot be given access to these files as he is no longer employed at M/A-COM, has pled guilty to the charges, and they consist of private, individual employee files with confidential information. Finally, with respect to Mr. Sullivan's computer, M/A-COM has identified seventy-two (72) diskettes which appear to have been used by your client during the course of his employment. However, again, it would be overly time consuming and burdensome for the company to go through these diskettes looking for information that probably doesn't exist, and even if it did exist, the defendant should not receive any credit or benefit for it. Again, these diskettes contain confidential and private information belonging to M/A-COM and Tyco International, Inc. and your client cannot be given access to them.

I will be filing a response to your motion for exculpatory evidence that you filed on February 17, 2005.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Carmen M. Ortiz*
Carmen M. Ortiz
Assistant U.S. Attorney

cc: Martha C. Victoria
Probation Officer (w/encl.)

Dennis O'Leary
Clerk to Judge Mark L. Wolf (w/o encl.)

---

[2] Please see letter from Kevin M. Kelleher, Director of Accounting, attached hereto at Tab B.

[3] Please see letter from from Arthur P. Hui, counsel with Tyco International, Inc., attached hereto at Tab C.

2