

FILED
IN CLERKS OFFICE
2005 MAR 11  A 9:55
U.S. DISTRICT COURT
DISTRICT OF MASS

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 10, 2005

<u>BY HAND</u>

Andrew R. McConville, Esq.
Eckert Seamans C&M, LLC
1 International Place
Boston, MA 02110

    Re: <u>United States v. James W. Sullivan</u>
        Criminal No. 04-10183-MLW

Dear Attorney McConville:

    I am responding to your letter dated March 3, 2005 requesting certain documents that you claim are "exculpatory" because they reflect the "work product" of Mr. Sullivan, and in particular, you itemize the fraudulent individuals and companies that your client purported to be in your request for the documents. First, as noted in my previous letter dated March 2, it is the government's position that the information that you are seeking is not exculpatory evidence. As I stated in my letter and elaborated on in the Government's Opposition to Defendant's Motion for Exculpatory Evidence, at the time of the offense conduct, Mr. Sullivan was a salaried employee, who occupied a management position, and who was well compensated for his work. Any work performed by Mr. Sullivan during the period of the offense conduct, was covered by the scope of his employment, or was completely outside the scope of his employment and not authorized by the company. Mr. Sullivan should not receive any credit or benefit for any "extra" work that he claims he did while defrauding his former employer.

    Secondly, despite the government's position, I did attempt to provide you with certain documents requested to the extent they were practically available. Please note, that in Mr. Delinsky's letter dated December 3, 2005, there is no specific itemization of the "work product" requested, just a general request for all documents requesting "work product." The company made an initial attempt to comply with that request, and the task became overly cumbersome and costly. I would like to point out, that in their initial review, nothing relating to supposed "work product" of Dr. Reyes or Econornatrix was found. I did follow-up with your most recent request and I am enclosing with this letter, a small number of documents found by the Director of Accounting, Kevin Kelleher, that relate to CSC Corporation, but do not represent "work product." Rather, they appear to be contracts that engage CSC Corporation's services and potential candidates for such. In actuality, they represent

further evidence of your client's fraud.

    There are no other documents that the government has in its possession that have not been provided to you that relate to your request. Although I do not believe that they are exculpatory in any way whatsoever, in good faith, I did try to produce what could be obtained. It is an incredible hardship on the company to search through thousands of records, in an attempt to find what probably doesn't exist, and if it does, was not authorized work. It is also outrageous to continue to victimize M/A-COM and Tyco International, Inc. with these requests that are irrelevant and immaterial to the determination of loss. Your client submitted phony invoices for several years to illegally obtain over $700,000, that he used for his sole benefit, while being a senior executive, who was handsomely paid as Director of Human Resources.

    I will be filing another opposition to your supplemental motion for exculpatory documents.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Carmen M. Ortiz*
Carmen M. Ortiz
Assistant U.S. Attorney

cc: Martha C. Victoria
Probation Officer (w/encl.)

Dennis O'Leary
Clerk to Judge Mark L. Wolf (w/o encl.)