

 

U.S. Department of Justice

FILED
...S OFFICE    United States Attorney
             District of Massachusetts

2005 APR -8 P 12: 08

Main Reception: (617) 748-3100    U.S. DISTRICT COURT    John Joseph Moakley United States Courthouse
                                  DISTRICT OF MASS.      1 Courthouse Way
                                                         Suite 9200
                                                         Boston, Massachusetts 02210

April 7, 2005

Stephen R. Delinsky, Esq.
Eckert Seamans C&M, LLC
1 International Place
Boston, MA 02110

    Re: <u>United States v. James W. Sullivan</u>
        Criminal No. 04-10183-MLW

Dear Attorney Delinsky:

    Pursuant to your request, enclosed is a copy of a statement dated June 17, 2002, provided by your client, James Sullivan, to Postal Inspector William Ricker. There is a handwritten and typed copy of the statement. Please note that the substance of the statement is contained in a Memorandum of Interview dated June 17, 2002 for James Sullivan, which was previously provided to you.

    Please be advised that I will be filing an opposition to the motion you filed on March 28, 2005, seeking judicial review of the government's decision not to file a motion pursuant to U.S.S.G. §5K1.1.

                                Very truly yours,

                                MICHAEL J. SULLIVAN
                              United States Attorney

               By:    *Carmen M. Ortiz*
                              Carmen M. Ortiz
                              Assistant U.S. Attorney

Enclosures

cc:    Dennis O'Leary
        Clerk to Judge Mark L. Wolf (w/encl.)

1 of 2

04/14/02

I James Sullivan hereby state that I beginning in the mid 1990's began to purchase advertising on behalf of M/A-COM, Inc., my former employer. As time progressed I began to overcharge the company for the advertising and ultimately billed the company for advertising that was not placed.

In an attempt to increase my earnings I also ~~became involved with~~ instated a billing process under which I would do work for the company (legal research) during off hours and then charge the company for that work using a second up company in order to be paid.

In mid December of 2001, I was confronted by the company concerning my activity and admitted that I had billed the company for advertising and the research work ~~but~~ at that time I was suspended pending acceptance of my resignation and surrendered all my stock options (approx value $225K) to repay the company. I was informed in January of 2002 that my employment was terminated. I informed the company that I would continue to cooperate in answering any questions or in attempting to make additional restitution.

06/17/02

that was appropriate. I plan to continue to cooperate fully with regard to this matter.

In some instances I picked up the checks for my billing directly from the company, in other instances I had the checks mailed to a rented mail box or to my address in Miami, Fla.

[signature]

This two page statement sworn before me on the 17th of June, 2002 at Beverly, MA

William W. Renker
Postal Inspector

WITNESS

W.J. Kent
Postal Inspector

1 of 2

06/17/02

I James Sullivan hereby state that I beginning in the mid 1990's began to purchase advertising on behalf of M/A-COM, Inc., my former employer. As time progressed I began to overcharge the company for this advertising and ultimately billed this company for advertising that was not placed.

In an attempt to increase my earnings I also initiated a billing process under which I would do work for the company (legal research) during off hours and then charge the company for that work using a made up company in order to be paid. In mid December of 2001 I was confronted by the company concerning my activities and admitted that I had billed the company for advertising and the research work. At that time I was suspended pending acceptance of my resignation and surrendered all my stock options (approx value $225k) to repay the company. I was informed in January of 2002 that my employment was terminated. I informed the company that I would continue to cooperate in answering any questions or in attempting to make additional restitution

2 of 2

that was appropriate. I plan to continue to cooperate fully with regard to this matter.
In some instances I picked up the checks for my billing directly from the company in other instances I had the checks mailed to a rented mailbox or to my address in Miami FL.

James Sullivan

This two page statement sworn before me on the 17th of June, 2002 at Beverly, MA

William W. Ricker
Postal Inspector

Witness: W. J. Kent
        Postal Inspector