```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
        v.                   )
                             )   CRIMINAL NO. 04-10183-MLW
JAMES W. SULLIVAN            )
        Defendant            )
                             )
```

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR A DOWNWARD DEPARTURE, AND/OR SENTENCING VARIANCE

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Carmen M. Ortiz, Assistant U.S. Attorney, hereby oppose James Sullivan's ("Sullivan") motion where he seeks a downward departure and/or a sentencing variance pursuant to his serious medical condition. In his motion, Sullivan has stated that he will rely on the testimony of Dr. Derrick T. Lin, his treating physician, who will testify at the sentencing hearing on Friday, June 22, 2007. Although the government has requested from defense counsel a written update of Sullivan's present medical condition so that the Bureau of Prisons ("BOP") can determine whether or not it can adequately accommodate the needs of the defendant, none has been made available to date.

While the government does not contest that Sullivan has a physical condition for which he has undergone medical treatments, the severity of his present condition and course of treatment are unclear. Defense counsel has provided that Sullivan will require

1

to have an MRI every few months and close monitoring by his physicians.  Undersigned counsel spoke to Dr. Lin on March 30, 2007, only three months ago, and at that time Dr. Lin indicated, among other things, that there was no evidence of recurrence decease and that the defendant had been cancer free for 6 to 8 months.  Also, Dr. Lin stated that while Sullivan had difficulty opening his jaw and he was mostly on a liquid diet, he was at a healthy weight.  At that time, Dr. Lin stated that he could not think of any reason why the defendant could not serve a term of imprisonment.

It is the government's position that if Sullivan can get adequate care in prison, there is no basis for the Court to depart or deviate from the advisory sentencing guidelines.  As the First Circuit stated in United States v. Derbes, "it should be stressed that our cases are stringent in distinguishing between serious mental health problems and a truly "extraordinary" case.  369 F.3d 579, 583 (1st Cir. 2004), citing United States v. Studley, 907 F.2d 254, 259 (1st Cir. 1990); United States v. DeCologero, 821 F.2d 39, 43 (1st Cir. 1987).  BOP is by no means required to tailor a perfect plan for every inmate; while it is constitutionally obligated to provide medical services to inmates, Estelle v. Gamble, 429 U.S. 97, 103-05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), these services need only be on "a level reasonable commensurate with modern medical science and of a quality acceptable within prudent professional standards."

2

DeCologero, 821 F.2d at 43.  Given that it is unclear what Sullivan's current physical condition is and what medical treatment he requires, until Dr. Lin testifies at the sentencing hearing, the government cannot provide specific information as to how the BOP can treat the defendant, if incarcerated.  If necessary, the government would seek an opportunity after the sentencing hearing to have the BOP review Sullivan's medical condition and provide a treatment plan that addresses the defendant's medical needs.

With respect to other issues previously raised by the defendant pertaining to sentencing, the government relies on its prior briefings to the Court.

                                  Respectfully submitted,

                                  Michael J. Sullivan
                                  United States Attorney

                By:
                    /s/ Carmen M. Ortiz
                    CARMEN M. ORTIZ
                    Assistant U.S. Attorneys

**<u>CERTIFICATE OF SERVICE</u>**

    I, Carmen M. Ortiz, hereby certify that on June 19, 2007 I served a copy of the foregoing by electronic filing on counsel for the defendant.

                                        **<u>/s/ Carmen M. Ortiz</u>**
                                        Carmen M. Ortiz