UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.             )<br>)<br>JAMES W. SULLIVAN,        )<br>        Defendant.    ) | Criminal No. 04-10183-MLW |

**ASSENTED-TO MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On June 17, 2004, the United States filed an Information charging defendant James W. Sullivan (the "Defendant") with three counts of Mail Fraud, in violation of 18 U.S.C. § 1341.

    2.   The Information also contained a forfeiture allegation, which provided that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon the Defendant's conviction of the mail fraud charged in the Information, the Defendant shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, including, but not limited to:

      (a)   $692,696.57; and

      (b)   1402 S. Bayshore Drive, Unit #903, Miami, Florida.

3.   The Forfeiture Allegation of the Information further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, including, but not limited to:

      (a)   1402 S. Bayshore Drive, Unit #903, Miami, Florida; and

      (b)   7 Pilgrim Heights, Beverly, Massachusetts.

4.   On October 7, 2004, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement. <u>See</u> Document No. 9. The Defendant agreed that the amount of proceeds traceable to the commission of the offenses to which he pled guilty totaled $692,696.57 in United States currency, and accordingly, the United States sought an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $692,696.57 in United States currency.

5.   On June 26, 2007, this Court issued an Order of Forfeiture, ordering the Defendant to forfeit $692,969.57 in United States currency to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  See Document No. 82.  Due to an error in the proposed Order of Forfeiture submitted by the United States to the Court, the Order of Forfeiture incorrectly indicated the amount of currency to be forfeited as $692,969.57.  The United States concedes that the amount of the money judgment should be $692,696.75 in United States currency, and will seek forfeiture only of that amount from the Defendant.

6.   Pursuant to the Order of Forfeiture and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move at any time to amend the Order of Forfeiture to substitute property having a value not to exceed $692,696.57 in United States currency, to satisfy the Order of Forfeiture in whole or in part.

7.   The United States has identified the following property of the Defendant which is available to satisfy the Order of Forfeiture:

    a.   all funds held in the name of James W. Sullivan, Account Holder Identification Number 010409647, in the Tyco Retirement Savings and Investment Plan, held by Fidelity Retirement Services Company,

>     Fidelity Investments Institutional Services Company (the "Retirement Funds");
>
> b.  the real property located at 1402 S. Bayshore Drive, Unit #903, Miami, Florida (the "Florida Property").

Accordingly, the United States now seeks a Preliminary Order of Forfeiture forfeiting the Defendant's interests in the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency.

8.  As a result of the Defendant's conviction, and pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

9.  Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Retirement Funds and the Florida Property and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Retirement Funds and the Florida Property in such manner as the Attorney General may direct,

pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court enter the Preliminary Order of Forfeiture in the form submitted herewith.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Kristina E. Barclay
CARMEN ORTIZ
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: August 9, 2007

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 112.1

I hereby certify that, prior to filing this Motion, I conferred in good faith with counsel for the Defendant, as required by Local Rules 7.1 and 112.1, and counsel assents to the relief requested herein.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Date: August 20, 2007

### CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: August 20, 2007