UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
)
v. ) Criminal No. 04-10183-MLW
)
JAMES W. SULLIVAN, )
Defendant. )

**PRELIMINARY ORDER OF FORFEITURE**

**WOLF, C.J.,**

WHEREAS, on June 17, 2004, the United States filed an Information charging defendant James W. Sullivan (the "Defendant") with three counts of Mail Fraud, in violation of 18 U.S.C. § 1341;

WHEREAS, the Information also contained a forfeiture allegation, which provided that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon the Defendant's conviction of the mail fraud charged in the Information, the Defendant shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, including, but not limited to:

(a) $692,696.57; and

(b) 1402 S. Bayshore Drive, Unit #903, Miami, Florida;

WHEREAS, the Forfeiture Allegation of the Information further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has

been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, including, but not limited to:

(a) 1402 S. Bayshore Drive, Unit #903, Miami, Florida; and

(b) 7 Pilgrim Heights, Beverly, Massachusetts;

WHEREAS, on October 7, 2004, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement;

WHEREAS, the Defendant agreed that the amount of proceeds traceable to the commission of the offenses to which he pled guilty totaled $692,696.57 in United States currency;

WHEREAS, on June 26, 2007, this Court issued an Order of Forfeiture, ordering the Defendant to forfeit $692,969.57 in United States currency to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the correct amount of money to be forfeited by the Defendant is $692,696.57;

WHEREAS, the Court provided in its Order of Forfeiture that the United States may move, at any time, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to amend the Order of

Forfeiture to substitute property having a value not to exceed the money judgment against the Defendant;

WHEREAS, the United States has identified the following property of the Defendant which is available to satisfy the Order of Forfeiture:

a. all funds held in the name of James W. Sullivan, Account Holder Identification Number 010409647, in the Tyco Retirement Savings and Investment Plan, held by Fidelity Retirement Services Company, Fidelity Investments Institutional Services Company (the “Retirement Funds”), and

b. the real property located at 1402 S. Bayshore Drive, Unit #903, Miami, Florida (the “Florida Property”);

WHEREAS, the United States now seeks a Preliminary Order of Forfeiture forfeiting the Defendant’s interests in the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency; and

WHEREAS, as a result of the Defendant’s conviction, and pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Retirement Funds and the Florida

Property, up to the amount of $692,696.57 in United States currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Assented-to Motion for Preliminary Order of Forfeiture is ALLOWED.

2. As a result of the offenses alleged in the Information for which the Defendant has been convicted, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the Defendant’s interest in the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency, are hereby forfeited to the United States.

3. If the Retirement Funds or the Florida Property are unavailable for forfeiture, or in the event that Retirement Funds and the Florida Property do not result in forfeiture of the entire amount of the outstanding money judgment against the Defendant, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the amount of $692,696.57 in United States currency, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. 2461(c).

4. The United States is hereby authorized to seize the Retirement Funds pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and the Retirement Funds

are to be held by the United States Marshals Service in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall take any other appropriate steps, pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), to seize, forfeit, and dispose of the aforementioned Forfeited Properties, up to the amount of $692,696.57 in United States currency, giving notice as required by law.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in the District in which the Forfeited Properties are located, notice of this Order and of the intent of the United States to dispose of the Forfeited Properties, in such manner as the Attorney General may direct.

7. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States Marshals Service shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Forfeited Properties to be forfeited.

8. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above

shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeited Properties shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Forfeited Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Forfeited Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Forfeited Properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. Pursuant to 21 U.S.C. § 853(n)(6) and (7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the Forfeitable

Properties, up to the amount of $692,696.57 in United States currency.

10. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

11. This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

/s/ Mark L. Wolf
MARK L. WOLF
Chief United States District Judge

Dated: August 23, 2007