```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
         v.                  )   Criminal No. 04-10183-MLW
                             )
JAMES W. SULLIVAN,           )
         Defendant.          )
```

**MOTION FOR PARTIAL FINAL ORDER OF FORFEITURE**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Partial Final Order of Forfeiture in the above-captioned case, pursuant Title 21, United States Code, Section 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.  A proposed Partial Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On June 17, 2004, the United States filed an Information charging defendant James W. Sullivan (the "Defendant") with three counts of Mail Fraud, in violation of 18 U.S.C. § 1341.

    2.   The Information also contained a forfeiture allegation, which provided that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon the Defendant's conviction of the mail fraud charged in the Information, the Defendant shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense,

including, but not limited to:

    (a)  $692,696.57; and

    (b)  1402 S. Bayshore Drive, Unit #903, Miami, Florida.

3.  The Forfeiture Allegation of the Information further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, including, but not limited to:

    (a)  1402 S. Bayshore Drive, Unit #903, Miami, Florida; and

    (b)  7 Pilgrim Heights, Beverly, Massachusetts.

4.  On October 7, 2004, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement.  See Document No. 9.  The Defendant agreed that the amount of proceeds traceable to the commission of the offenses to which he pled guilty totaled $692,696.57 in United States currency, and accordingly, the United States sought an Order of Forfeiture consisting of a personal money judgment against the

Defendant in the amount of $692,696.57 in United States currency.

5. On June 26, 2007, a sentencing hearing was held whereby this Court sentenced the Defendant to 36 months probation, with the first nine months on home confinement, a $50,000 fine, and ordered the Defendant pay $692,696.57 in restitution.

6. Also June 26, 2007, this Court issued an Order of Forfeiture, ordering the Defendant to forfeit $692,969.57 in United States currency to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). See Document No. 82. Due to an error in the proposed Order of Forfeiture submitted by the United States to the Court, the Order of Forfeiture incorrectly indicated the amount of currency to be forfeited as $692,969.57. The United States concedes that the amount of the money judgment should be $692,696.57 in United States currency, and seeks forfeiture only of that amount from the Defendant.

7. Pursuant to the Order of Forfeiture and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States was authorized to move at any time to amend the Order of Forfeiture to substitute property having a value not to exceed $692,696.57 in United States currency, to satisfy the Order of Forfeiture in whole or in part. Accordingly, the United States identified the following property of the Defendant to satisfy the Order of Forfeiture:

      a.    all funds held in the name of James W. Sullivan, Account Holder Identification Number 010409647, in the Tyco Retirement Savings and Investment Plan, held by Fidelity Retirement Services Company, Fidelity Investments Institutional Services Company (the "Retirement Funds"); and

      b.    the real property located at 1402 S. Bayshore Drive, Unit #903, Miami, Florida (the "Florida Property").

8.    On August 23, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency.

9.    On September 18, 2007, September 25, 2007, and October 2, 2007, a Notice of Order of Forfeiture was published in the Boston Herald newspaper pursuant to 21 U.S.C. § 853(n).

10.    To date, no claims of interest in the Retirement Funds have been filed with the Court and the time within which to do so has expired.[1]

---

[1] On or about October 22, 2007, the United States received correspondence from Shelly A. Waldman, an alleged joint owner and co-mortgagee of the Florida Property. The document was not filed with the Court (see 21 U.S.C. § 853(n)(2)) and was not signed under oath (see 21 U.S.C. § 853(n)(3)). On November 19, 2007, Commodore Bay Condominium Association (Dade County), Inc. filed a Verified Petition as an innocent third party with respect to the Florida Property. See Document No. 92. The United States submits that it is in the process of resolving these alleged interests in the Florida Property, and that the Florida Property will be the subject of a separate Motion for Partial Final Order of Forfeiture.

WHEREFORE, the United States respectfully requests that this Court enter a Partial Final Order of Forfeiture against the Retirement Funds in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BY: /s/Kristina E. Barclay
CARMEN M. ORTIZ
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210

Date: December 14, 2007              (617) 748-3100

### CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion for Final Order of Forfeiture and the proposed Final Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Date: December 14, 2007