UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )    Criminal No. 04-10183-MLW
                               )
JAMES W. SULLIVAN,             )
          Defendant.           )

## STATUS REPORT REGARDING RESTITUTION

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits this report regarding the status of restitution in this case, pursuant to the Court's December 12, 2007 Order.

1. On June 26, 2007, a sentencing hearing was held whereby this Court sentenced the Defendant to 36 months probation, with the first nine months in home confinement, a $50,000 fine, and ordered the Defendant pay $692,696.57 in restitution.

2. Also June 26, 2007, this Court issued an Order of Forfeiture, ordering the Defendant to forfeit $692,969.57 in United States currency to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). See Document No. 82. Due to an error in the proposed Order of Forfeiture submitted by the United States to the Court, the Order of Forfeiture incorrectly indicated the amount of currency to be forfeited as $692,969.57. The United States concedes that the amount of the money judgment should be $692,696.57 in United States currency, and seeks forfeiture only of that amount from

the Defendant.

   3.   The Defendant has an interest in two assets that are available to satisfy the restitution order:

      a.   all funds held in the name of James W. Sullivan, Account Holder Identification Number 010409647, in the Tyco Retirement Savings and Investment Plan, held by Fidelity Retirement Services Company, Fidelity Investments Institutional Services Company (the "Retirement Funds"); and

      b.   the real property located at 1402 S. Bayshore Drive, Unit #903, Miami, Florida (the "Florida Property").

   4.   After the sentencing hearing, the undersigned Assistant United States Attorney worked with the Financial Litigation Unit of the United States Attorney's Office, which is responsible for collecting restitution debts, and with the attorney for the victim, with the goal of maximizing and expediting the recovery process.

   5.   It was determined that best course of action is to forfeit the Retirement Funds and the Florida Property, and then restore the proceeds of those forfeited assets to the victim through the restitution order.  The United States anticipates that forfeiting the Retirement Funds will not incur tax consequences, whereas garnishing the Retirement Funds for

restitution alone would result in a tax penalty. Moreover, there is no mechanism for the United States to dispose of the Florida Property through a restitution order; while the United States would record a lien against the asset, it could not force a sale. With a Final Order of Forfeiture against the Florida Property, the United States could sell the asset and recoup the proceeds for the victim.

6. While forfeiting the Retirement Funds and the Florida Property has taken longer than if the United States had garnished the Retirement Funds and recorded a restitution lien against the Florida Property, the decision was made in concert with the victim to use forfeiture in order to maximize the recovery.

7. On August 23, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency.

8. No claims were filed regarding the Retirement Funds, and the United States filed a Motion for Final Order of Forfeiture for the Retirement Funds, up to the amount of $692,696.57 in United States currency, on December 12, 2007.

9. If the Retirement Funds are not sufficient to satisfy the outstanding restitution obligation, the government will seek a Final Order of Forfeiture forthwith regarding the Florida Property. In October 2007, the United States received a letter from Shelly A. Waldman, an alleged joint owner and co-mortgagee of the Florida Property. Although the document was not filed with the Court (see 21 U.S.C. § 853(n)(2)) and was not signed under oath (see 21 U.S.C. § 853(n)(3)), the United States anticipates that Ms. Waldman's alleged interest in the Florida Property is capable of resolution if necessary. On November 19, 2007, Commodore Bay Condominium Association (Dade County), Inc. filed a Verified Petition as an innocent third party with respect to the Florida Property. See Document No. 92. Based on the Verified Petition and upon receipt of documentation substantiating the asserted interest in the Florida Property, the United States is prepared to recognize and pay any valid outstanding fees on the Florida Property in accordance with applicable law.

10. On December 14, 2007, the undersigned transmitted a request for restoration of forfeited assets to the Chief of the Asset Forfeiture and Money Laundering Section of the Department of Justice ("DOJ"), in accordance with DOJ policy. It is anticipated that the restoration request will be granted, and that the proceeds of any assets subject to a Final Order of

Forfeiture in this case will be transmitted to the United States District Court for distribution pursuant to the restitution Order.

11. The Defendant has not in any way impeded the forfeiture process; the government was required to comply with the notice and publication requirements of 21 U.S.C. § 853(n) before it could seek final orders of forfeiture regarding the assets.

12. The only action by the Court that the government is requesting at this time is the endorsement of the proposed Final Order of Forfeiture submitted on December 12, 2007.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                                      BY:   /s/Kristina E. Barclay
                                                CARMEN M. ORTIZ
                                                KRISTINA E. BARCLAY
                                                Assistant U.S. Attorneys
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210
Date: December 21, 2007                 (617) 748-3100

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Motion for Final Order of Forfeiture and the proposed Final Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          /s/Kristina E. Barclay
                                          Kristina E. Barclay
                                          Assistant U.S. Attorney

Date: December 21, 2007