```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10183-MLW |
| | ) | |
| JAMES W. SULLIVAN, | ) | |
| Defendant. | ) | |

### PARTIAL FINAL ORDER OF FORFEITURE

**WOLF, D.J.**,

WHEREAS, on June 17, 2004, the United States filed an Information charging defendant James W. Sullivan (the "Defendant") with three counts of Mail Fraud, in violation of 18 U.S.C. § 1341;

WHEREAS, the Information also contained a forfeiture allegation, which provided that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon the Defendant's conviction of the mail fraud charged in the Information, the Defendant shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, including, but not limited to:

  (a) $692,696.57; and

  (b) 1402 S. Bayshore Drive, Unit #903, Miami, Florida;

WHEREAS, the Forfeiture Allegation of the Information further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has

been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property, including, but not limited to:

    (a)  1402 S. Bayshore Drive, Unit #903, Miami, Florida; and

    (b)  7 Pilgrim Heights, Beverly, Massachusetts;

WHEREAS, on October 7, 2004, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a written plea agreement, and agreed that the amount of proceeds traceable to the commission of the offenses to which he pled guilty totaled $692,696.57 in United States currency, and accordingly, the United States sought an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $692,696.57 in United States currency;

WHEREAS, on June 26, 2007, a sentencing hearing was held whereby this Court sentenced the Defendant to 36 months probation, with the first nine months on home confinement, a $50,000 fine, and ordered the Defendant pay $692,696.57 in restitution;

WHEREAS, also on June 26, 2007, this Court issued an Order of Forfeiture, ordering the Defendant to forfeit $692,969.57 in

United States currency to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), but due to an error in the proposed Order of Forfeiture submitted by the United States to the Court, the Order of Forfeiture incorrectly indicated the amount of currency to be forfeited as $692,969.57;

WHEREAS, the United States concedes that the amount of the money judgment should be $692,696.57 in United States currency, and seeks forfeiture only of that amount from the Defendant;

WHEREAS, pursuant to the Order of Forfeiture and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States was authorized to move to amend the Order of Forfeiture to substitute property having a value not to exceed $692,696.57 in United States currency, to satisfy the Order of Forfeiture in whole or in part, and accordingly, the United States identified the following property of the Defendant to satisfy the Order of Forfeiture:

    a.    all funds held in the name of James W. Sullivan, Account Holder Identification Number 010409647, in the Tyco Retirement Savings and Investment Plan, held by Fidelity Retirement Services Company, Fidelity Investments Institutional Services Company (the "Retirement Funds"); and

    b.    the real property located at 1402 S. Bayshore Drive, Unit #903, Miami, Florida (the "Florida Property");

WHEREAS, on August 23, 2007, this Court issued a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of

Criminal Procedure, against the Retirement Funds and the Florida Property, up to the amount of $692,696.57 in United States currency;

WHEREAS, on September 18, 2007, September 25, 2007, and October 2, 2007, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> newspaper pursuant to 21 U.S.C. § 853(n);

WHEREAS, to date, no claims of interest in the Retirement Funds have been filed with the Court and the time within which to do so has expired.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Partial Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title, or interest in the Retirement Funds, up to the amount of $692,696.57 in United States currency, and they are hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

3. All other parties, having any right, title, or interest in the Retirement Funds are hereby held in default.

4. The United States Marshals Service is hereby authorized to dispose of the Retirement Funds in accordance with applicable law.

DONE AND ORDERED in Boston, Massachusetts, this  22nd  day of January, 2008.

/s/ Mark L. Wolf
MARK L. WOLF
Chief United States District Judge

Dated: